■ NORTH AMERICAN RECYCLING CORPORATION et al., Respondents, v WARRENSBURG BOARD AND PAPER CORPORATION, Defendant, and HARMON ASSOCIATES CORPORATION et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered November 18, 1983 in Warren County, which *inter alia,* denied a motion by defendants Harmon Associates Corporation and Harmon Paper Stock Company to dismiss the complaint for lack of personal jurisdiction without prejudice to renewal upon completion of further disclosure. ¶ This action was commenced in January of 1978 by service of a summons with notice upon defendant Warrensburg Board and Paper Corporation (Warrensburg). It arises out of transactions ostensibly resulting in moneys being due plaintiffs, payable through defendants Harmon Associates Corporation and the now dissolved Harmon Paper Stock Company (referred to collectively as Harmon), who are alleged to be agents for payment for Warrensburg. Attorney Seymour Harris of New York City filed a notice of appearance, answer and counterclaim on behalf of all defendants and advised plaintiffs' counsel that it would be unnecessary to serve any further process because he represented all defendants. Additionally, on August 13, 1980, Harris sent a letter to plaintiffs' attorney stating that he represented "Harmon". A note of issue and statement of readiness for trial was filed by plaintiffs in the spring of 1983. ¶ Thereafter, Ira Berman, an attorney for Warrensburg, informed Harmon that Harris had withdrawn as counsel and requested that Harmon supply a substitute to defend it in this action. Harmon maintains that Berman's letter was its first notice of the pendency of this action and that Harris was and is completely unknown to Harmon. The parties agree that Harmon has never been served with a summons or complaint in this action. Harmon brought this motion to dismiss for lack of personal jurisdiction on the grounds that it had never been served with process and that no authorized appearance had been entered on its behalf. ¶ Although Harmon disclaims knowledge of Harris and his activities, there is evidence that Harris represented that he had authority to act for Harmon and did in fact so act. These contentions, coupled with the fact that Harris seemingly still stands as attorney of record for all three defendants, require further disclosure to resolve the issue of whether personal jurisdiction over Harmon was indeed ever obtained. Special Term's order to that effect was therefore proper. ¶ Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Yesawich, Jr., JJ., concur.